---
**Boston v. Webb**
---

JOSEPH H. L. BOSTON v. JACK H. WEBB; CITY OF WASHINGTON, NORTH CAROLINA

No. 842SC173

(Filed 5 March 1985)

1. **Libel and Slander § 14.1— words actionable per se**

   A city manager's statements in a news release that plaintiff, a former city policeman, was not able to disprove accusations that he had been seen taking a bribe and that plaintiff's polygraph test revealed deception in answering questions about the purported bribe, if found false by a jury, constituted libel per se.

2. **Libel and Slander § 14.3— city manager—qualified privilege**

   A city manager had at most a qualified privilege in making statements in a news release that a former city policeman was not able to disprove accusations that he had been seen taking a bribe and that plaintiff's polygraph test revealed deception.

3. **Libel and Slander § 14— sufficiency of complaint in libel action**

   The trial court erred in dismissing plaintiff former policeman's complaint for failure to state a claim for relief in a libel action against defendant city manager based on statements made by defendant in a press release that plaintiff was not able to disprove accusations that he had been seen taking a bribe and that his polygraph test revealed deception since it cannot be determined from the complaint whether defendant was acting within the scope of his authority as city manager when he published the news release, whether all the matter contained in the news release was privileged, and whether the information in the news release was of sufficient public or social interest so as to entitle defendant to protection against an action for libel.

APPEAL by plaintiff from *Peel, Judge.* Order entered 6 January 1984 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 14 January 1985.

*Gaskins, McMullan & Gaskins by Herman E. Gaskins, Jr., for plaintiff appellant.*

*McMullan & Knott by Lee E. Knott, Jr., for defendant appellee.*

COZORT, Judge.

The plaintiff instituted this civil action for defamation, seeking actual and punitive damages. The plaintiff alleged that defendant, Jack H. Webb, acting in his official capacity as City

Manager of the defendant, City of Washington, had issued a false and libelous press release to the news media concerning his termination of employment as a detective sergeant with the Washington Police Department. Both defendants moved to dismiss the complaint pursuant to G.S. 1A-1, Rule 12(b)(6). Their motions were granted. The plaintiff has appealed only the granting of the defendant Webb's Rule 12(b)(6) motion. We reverse.

The plaintiff was a member of the Washington Police Department from April 1976 to July 1983. On 15 July 1983, the plaintiff was discharged from the Department. The plaintiff appealed his termination of employment to the defendant Webb as City Manager on 16 August 1983. Webb upheld the termination.

Following a briefing to the City Council, Webb wrote and published a news release purportedly to explain why the plaintiff had been fired. The news release in pertinent part states:

> After a lengthy period of time, . . . City Manager Jack H. Webb has announced that his decision is to uphold Chief Johnny Rose's decision to dismiss Boston from the Washington Police Department. . . .

> Allegations against Boston were received by Chief Rose and Webb from the District Attorney, William Griffin, in the early part of February 1983. This information included the allegations that Boston received a large bribe. In the course of the investigation a citizen, who was not identified, was administered a polygraph examination and proved to be telling the truth in his statement that he observed a person, whose name was not mentioned, giving a large sum of money to Boston. Boston later agreed to take a polygraph test and answer questions concerning this allegation. In the opinion of the polygraph expert, Boston proved to be deceptive in answering the question.

> * * * *

> This decision [to discharge Boston] was made on the basis that Boston was warned of the allegations, given the opportunity to disprove the allegations and was not able to do so.

According to the complaint, Webb gave this news release to members of the news media, including agents of the Washington

Daily News, WITN television, and WCTI television for dissemination to the public.

The only issue on appeal is whether the trial court properly granted the defendant Webb's G.S. 1A-1, Rule 12(b)(6) motion. The scope of our review of the granting of a Rule 12(b)(6) motion is to determine whether " '*it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*' " *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E. 2d 161, 166 (1970), *quoting* 2A J. Moore's Federal Practice ¶ 12.08 (2d ed. 1968). However, if the complaint discloses an unconditional affirmative defense which defeats the claim asserted, it will be dismissed. *Id.* at 102, 176 S.E. 2d at 166.

In his complaint, the plaintiff alleges that "the defendant Jack H. Webb while acting as the servant, agent, and employee of the City of Washington, North Carolina, and while acting within the scope of his employment, did maliciously write and publish to third persons a news release . . . [which] contained false, libelous, and defamatory words concerning the plaintiff." The plaintiff further alleged that the press release was "calculated to induce the reader to believe that the plaintiff had committed some crime" and was "libelous *per se*." As a result of being libeled in this manner, the plaintiff contends that he has been damaged and should be awarded $100,000 in actual damages and $500,000 in punitive damages.

The defendant, on the other hand, contends that the complaint on its face shows that the plaintiff is seeking to hold him liable for actions taken in the performance of his governmental duties. The defendant argues that his Rule 12(b)(6) motion was properly granted because communications to the news media concerning public employees made by employers acting within the scope of their authority are absolutely privileged.

[1] A publication is libelous *per se* if, when considered alone without innuendo, it charges that a person has committed an infamous crime. *Flake v. News Co.*, 212 N.C. 780, 787, 195 S.E. 55, 60 (1938). The news release states that the plaintiff was not able to disprove the accusations that he had been seen taking a large bribe. The release also discloses that Boston's polygraph test revealed he was deceptive in answering questions about the bribe accusation. These statements, if found false by a jury, constituted

libel *per se*. *See Arnold v. Sharpe*, 296 N.C. 533, 251 S.E. 2d 452 (1979). The pertinent question then becomes whether the complaint, by alleging that Webb published the news release while acting within the scope of his authority, contained an insurmountable bar to Boston's cause of action for libel *per se*. We hold that because the plaintiff's claim is not barred, the defendant Webb's Rule 12(b)(6) motion was improperly granted.

[2]   Initially, based on the facts before us, we believe at most that Webb was entitled to only a qualified privilege. In North Carolina, an absolute privilege has been limited to "words used in debate in Congress and the State Legislatures, reports of military or other officers to their superiors in the line of their duty, everything said by a judge on the bench, by a witness in the box, and the like." *Ramsey v. Cheek*, 109 N.C. 270, 273-74, 13 S.E. 775, 775 (1891). *See also Jarman v. Offutt*, 239 N.C. 468, 80 S.E. 2d 248 (1954).

> "A qualified or conditionally privileged communication is one made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the occasion and duty, right, or interest."

*Stewart v. Check Corp.*, 279 N.C. 278, 285, 182 S.E. 2d 410, 415 (1971), *quoting* 50 Am. Jur. 2d *Libel and Slander* § 195 (1970). An action involving a qualified privilege may be maintained, if the plaintiff can prove both the falsity of the charge and that it was made with actual malice. *Hartsfield v. Hines*, 200 N.C. 356, 157 S.E. 16 (1931). *See also Smith v. McDonald*, 562 F. Supp. 829 (M.D.N.C. 1983), *affirmed*, 737 F. 2d 427 (1984). Whether the plaintiff can in fact prove the falseness of the allegations and malice has yet to be seen.

[3]   In any event, it is too early in the plaintiff's action for us to say to a certainty that the plaintiff is entitled to no relief under any set of facts he might prove in support of his claim. We are unable to determine at this point whether Webb was acting within the scope of his authority as City Manager when he published this news release. Similarly, from only the facts as found in the complaint, we cannot say whether all of the matter contained in

the news release was privileged. Furthermore, we decline to hold, as the defendant urges, that the press release based on the facts before us was issued in the course of a judicial or quasi-judicial proceeding.

Finally, the defense of privilege is based upon the premise that some information, although defamatory, is of sufficient public or social interest to entitle the individual disseminating the information to protection against an action for libel. Whether such communications will be protected generally has been determined by the amount of public interest in the matter communicated. *See* Annot., 52 A.L.R. 3d 739 (1973). We hold that defendant Webb's Rule 12(b)(6) motion was improperly granted precisely because the public's interest in the matter and Webb's right to relay it as he did remains to be determined.

For these reasons, the trial court's granting of the defendant Webb's Rule 12(b)(6) motion is reversed.

Reversed.

Judges WEBB and EAGLES concur.